IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYNN KIRKPATRICK, | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | Jury Trial Demanded |
| ENHANCED RECOVERY COMPANY, LLC, | § | |
|     Defendant. | § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1. This is an action for damages brought by Plaintiff, Lynn Kirkpatrick ("Plaintiff"), an individual, for Enhanced Recovery Company, LLC's ("Defendant") violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the similar state law, TEX. BUS. & COM. CODE § 305.053.

2. Plaintiff seeks to recover monetary damages for Defendant's violations of the law and to have an order or injunction issued by this Court preventing Defendant from continuing its violative conduct.

3. Service may be made upon Defendant in any district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

1

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

6. Plaintiff is a natural person residing in the State of Texas, County of Harris, and City of Pasadena.

7. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

8. Defendant is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal AT&T internet service account, account number ending 7703 (the "Debt").

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Prior to July 2012, in connection with the collection of the Debt, Defendant began placing calls to Plaintiff's cellular telephone.

14. In each such instance, Defendant delivered communications to Plaintiff using an artificial and/or pre-recorded voice.

15. Upon information and good-faith belief, Defendant placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

16. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

17. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

18. Upon information and good-faith belief, Defendant placed telephone calls to Plaintiff voluntarily.

19. Upon information and good-faith belief, Defendant placed telephone calls to Plaintiff under its own free will.

20. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff.

21. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff.

22. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice.

23. Plaintiff faxed Defendant written communication dated July 7, 2012, and in such communication, demanded that Defendant cease and desist from any and all further communications with Plaintiff. (*See* July 7, 2012 Correspondence, attached as Exhibit A).

24. Defendant received Plaintiff's July 7, 2012 cease and desist fax on July 7, 2012 at 8:23 A.M. (*See* Fax Confirmation, attached as Exhibit B).

25. Upon information and good-faith belief, Defendant did not provide Plaintiff the notices required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, either in its initial communication with Plaintiff, or in writing within 5 days thereafter.

26. Despite Plaintiff's cease and desist demand, in connection with the collection of the Debt, Defendant sent Plaintiff written communication dated October 8, 2012. (*See* October 8, 2012 Correspondence, attached as Exhibit C).

27. Upon information and good-faith belief, Defendant first provided Plaintiff with the notices required pursuant to 15 U.S.C. § 1692g(a) in its October 8, 2012 correspondence. (*See* Exhibit C).

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(c)

28. Plaintiff repeats and re-alleges each and every factual allegation contained above.

29. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)

30. Plaintiff repeats and re-alleges each and every factual allegation contained above.

31. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a), either in its initial communication with Plaintiff, or in writing within 5 days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

32. Plaintiff repeats and re-alleges each and every factual allegation contained above.

33. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF TEX. BUS. & COM. CODE § 305.053

34. Plaintiff repeats and re-alleges each and every factual allegation contained above.

35. Plaintiff received communications originated by Defendant that violated 47 U.S.C. § 227.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the TCPA;

b) Enjoining Defendant from continuing its violative behavior, pursuant to TEX. BUS. & COM. CODE § 305.053(a)(1);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to TEX. BUS. & COM. CODE § 305.053(b);

d) Awarding Plaintiff actual damages pursuant to TEX. BUS. & COM. CODE § 305.053(b);

e) Awarding Plaintiff treble damages, pursuant to TEX. BUS. & COM. CODE § 305.053(c);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

36. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 6th day of December, 2012.

        WEISBERG & MEYERS, LLC

        By: <u>s/ Russell S. Thompson, IV</u>
            Russell S. Thompson, IV
            Southern District Bar No. 1572841
            Weisberg and Meyers, LLC
            5025 N. Central Ave., #602
            Phoenix, AZ 85012
            Telephone:    (888) 595-9111 ext. 244
            Facsimile:    (866) 565-1327
            rthompson@attorneysforconsumers.com

            *Attorney for Plaintiff*
            Lynn Kirkpatrick